FOURTH DISTRICT—MARCH, 1920.          571

Bank of Sandoval v. First Nat'l Bk. of Sandoval, 216 Ill. App. 571.

## Bank of Sandoval, Appellee, v. First National Bank of Sandoval, Appellant.

1. EVIDENCE, § 164*—*when slips used in adjusting accounts admissible.* Where two banks adopt a method of adjusting their accounts by means of slips prepared by them respectively, if mistakes in the adjustments occur and an examination of the slips shows the errors complained of, the slips are competent evidence of the mistake, not being mere self-serving statements, and if one of the banks has destroyed the slips delivered to it, a duly proven copy of such slip is competent.

2. APPEAL AND ERROR, § 1489*—*when admission of evidence harmless.* In a suit to recover an amount claimed by a bank because of a mistake in a settlement with another bank, where such parties had adopted a method of adjusting their accounts by means of slips prepared by them respectively, testimony of the plaintiff as to discovery of the mistake and that there was a certain amount due him was not injurious to the defendant, as another witness testified as to the mistake, and the conclusion of the witness as to the amount due was based on the slips that were given in evidence.

3. INSTRUCTIONS, § 159*—*construction as series.* In an action to recover an amount claimed by a bank because of a mistake in a settlement with another bank, an objection to instructions as being directory, and failing to require the plaintiff to prove his case by a preponderance of the evidence, cannot be sustained when the instructions as series correctly state the law on the question.

4. INSTRUCTIONS, § 114*—*when issue not unduly limited.* In an action by a bank to recover an amount claimed to be due because of a mistake in a settlement with another bank, an objection to an instruction, in that it limited the inquiry to a certain time covered by the plaintiff's exhibits, could not be sustained as the whole controversy was confined to the transaction of days within the time mentioned.

5. INSTRUCTIONS, § 93*—*when properly refused.* In an action by a bank to recover a balance due from another bank because of a mistake in a settlement of accounts, an instruction that if the plaintiff relied on telephonic conversations to establish the accuracy of his account the jury should consider whether the witness accurately remembered the conversation, was properly refused, as the plaintiff did not rely on the telephone conversations but such conversations were proved merely as preceding the daily adjustments.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

6. APPEAL AND ERROR, § 1411*—*when verdict not disturbed.* A verdict of the jury based on conflicting evidence will not be interfered with where such jury were fairly instructed and there was no error in the admission or rejection of evidence.

Appeal from the Circuit Court of Marion county; the Hon. WILLIAM B. WRIGHT, Judge, presiding. Heard in this court at the October term, 1919. Affirmed. Opinion filed March 25, 1920.

KAGY & VANDERVORT and WILSON & COUCHMAN, for appellant.

NOLEMAN & SMITH, for appellee.

MR. JUSTICE EAGLETON delivered the opinion of the court.

The appellant, First National Bank of Sandoval, and the appellee, Fred F. Reinhardt, under the name of Bank of Sandoval, were each engaged in the banking business at Sandoval. In carrying on their respective businesses each would take up checks and other demands against the other, which were adjusted during the afternoon of each business day. In making these adjustments, some employee of each concern would add the various demands against the other on an adding machine and, after communicating the total amounts over the telephone, the representative of the bank holding the larger amount would go to the other bank, where the accounts would be adjusted. In making this adjustment each bank would deliver to the other the list of items held by it as made on the adding machine. At the time of making these lists a copy was always made by the appellee's representative, which was retained. These clearings were usually conducted on behalf of the appellant by one Schneider and on behalf of the appellee by either his wife or Mrs. Cora Peters.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

FOURTH DISTRICT—MARCH, 1920.      573

Bank of Sandoval v. First Nat'l Bk. of Sandoval, 216 Ill. App. 571.

Some time prior to February 28, 1917, the cash account of appellee's bank was short. On the day mentioned, the settlement was made in the usual manner by Mrs. Reinhardt. On an examination she discovered that the amount of the checks shown by her duplicate slip was $10 more than the amount shown on the slip furnished her by the appellant on which the difference was determined. Mrs. Reinhardt returned to appellant's bank and the matter was adjusted.

On an investigation the appellee concluded that similar mistakes had been made in former settlements and, after some fruitless efforts to settle, this suit was commenced, and the case being tried before a jury, a verdict was returned in favor of the appellee for $132, and after a motion for a new trial was overruled, judgment was rendered on the verdict.

The position of the appellee is that when daily clearances were made his representative would furnish Schneider, the representative of the appellant, the slip showing the demands of the appellee and that Schneider would make the deductions and pay the difference, and that in making these deductions Schneider would write a sum less than the total of the appellee's demands on the slip prepared for the appellant and subtract the total of appellant's credits from such reduced amount and pay the difference, thereby failing to pay the appellee the total amounts due him.

Complaint is made as to the ruling of the court on the admission of evidence and of the giving and refusing of instructions and that the verdict is against the weight of the evidence.

The first objection is as to the ruling of the court in admitting in evidence the slips furnished by the appellant to the appellee and copies of the slips furnished by the appellee to the appellant in the daily adjustments. There were 32 of these slips covering 16 days. It is argued that the copies made for the

appellee were merely self-serving statements and were incompetent as evidence. Counsel for the appellant stated on the trial that the originals had been destroyed. Mrs. Peters and Mrs. Reinhardt identified the copies made as copies of the slips delivered to the appellant and that they were correct.

The parties having adopted the method of adjusting their accounts by means of the slips prepared by them respectively, if mistakes in the adjustments occurred and an examination of the slips showed the errors complained of, the slips were competent, and if one of the parties had destroyed the slips delivered to him, a duly proven copy was competent. When settlements were made, the parties, in effect, agreed that the slips were correct. *Butler v. Cornell,* 148 Ill. 281. These slips do not fall within the rule as to books of account for the reason that the latter are made in the absence of the party charged and entirely within the control of the party keeping the book and are strictly self-serving statements, admissible in evidence under certain restrictions.

The next error urged is the ruling of the court in permitting the appellee to testify about a mistake being discovered in the clearing of February 28 and that it was adjusted and that he was permitted to testify that there was $132 due him. Mrs. Reinhardt testified about the mistake made in the settlement of February 28 and no objection was made and the testimony not controverted. On the question as to the amount claimed to be due, the appellee based his conclusion on the slips that were given in evidence. Under these conditions the appellant was not injured thereby.

Appellant's objection to the first and second instructions given at the request of the appellee is that they are directory and both omit all reference to the requirement that he must prove his case by a preponderance of the evidence. These two instructions and the

third instruction given at the request of the appellee are also objected to because they limit the inquiry to the 16 days covered by the appellee's exhibits. As to the first objection, the first two instructions given at the request of the appellant inform the jury that the plaintiff must prove his case as laid in the declaration by a preponderance of the evidence, and that if the evidence was evenly balanced they should find for the defendant. As a series the instructions correctly stated the law on this question, and for that reason they were not erroneous in that particular. On the other proposition it does not appear there was any claim on the part of the appellant that any mistake which might have existed, except the one of February 28, had ever been corrected or in any manner adjusted, nor that any mistakes had at any time been made against the appellant nor that the transaction of any other days would in any manner change the result. It appears that the whole controversy was confined to the transaction of the days mentioned, hence it was not improper to limit the inquiry to the particular time mentioned.

The instruction offered by the appellant and refused by the court informed the jury that if the plaintiff relied on telephonic conversations to establish the accuracy of his account they should take into consideration whether the witness could accurately remember the conversation. Witnesses for the appellee did not rely on such conversations for that purpose. The only testimony about such conversations was as to communications preceding the daily adjustments. The court did not err in refusing this instruction.

While there was some conflict in the evidence, the jury having been fairly instructed and no error appearing in the admission or rejection of evidence, this court will not interpose its judgment over that of the jury.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

*Affirmed.*